UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDRÉ RENE LEVESQUE,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY P. STORIE,<br><br>Defendant. | CIVIL ACTION NO.<br>24-40083-DHH |

**ORDER ON MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*,
ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE
AND REPORT AND RECOMMENDATION FOR TRANSFER**

**August 23, 2024**

**Hennessy, M.J.**

*Pro se* plaintiff André Rene Levesque, allegedly a resident of Plattsburgh, New York, filed a complaint concerning litigation in a New York state court to which he was a party. [Dkt. No. 1]. Levesque also filed a motion for leave to proceed *in forma pauperis*. [Dkt. No. 5]. For the reasons set forth below, the *in forma pauperis* motion is GRANTED. I further order that this action be reassigned to a District Judge, and recommend that this action be transferred to the United States District Court for the Northern District of New York.

I.   Motion for Leave to Proceed *in Forma Pauperis*

Upon review of the motion for leave to proceed *in forma pauperis*, I find that Levesque has adequately demonstrated that he is unable to pay the filing fee and GRANT the motion.

II.  Order to Reassign Case to a District Judge

Pursuant to General Orders (10-1) and (09-3), a case may be randomly assigned, at the time of filing, to a Magistrate Judge. This action was drawn to the undersigned Magistrate Judge

under the this protocol. As set forth below, I conclude that venue in the District of Massachusetts is improper. For that reason, I will order that the Clerk of Court reassign this case to a District Judge.

III.    Review of the Complaint

    A.    Court's Authority to Review the Complaint

A federal district court may conduct an initial review of the complaint filed by a plaintiff proceeding *in forma pauperis* to determine whether the claims are malicious, frivolous, fail to state a claim upon which relief may be granted, or seek monetary damages from a party that is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

In addition, a district court may *sua sponte* consider the issue of venue. *See In re Ryze Claims Sols., LLC*, 968 F.3d 701, 706 n.5 (7th Cir. 2020); *Lewis v. Hill*, 683 F. Supp. 3d 137, 159-60 (D. Mass. 2023).

    B.    Levesque's Complaint

Levesque states that his action arises from the alleged misconduct of judges, court staff, attorneys, and parties in the course of a New York state court proceeding. He identifies "Judge Gregory P. Storie, Canton, New York" as the presiding judge. [Dkt. No. 1 at p. 1]. Levesque catalogues various barriers he faced in that action, including being unable to obtain a transcript necessary to pursue an appeal, file electronically, call witnesses, submit written testimony into evidence, and obtain a stay. He claims that the defendants' alleged conduct violated his rights under the First, Fourth, Fifth, Sixth, Eight, Eleventh, Thirteenth, and Fourteenth Amendments and "rises to a criminal act and war crimes, that has and continues to cause [him] extreme distress[] and irreparable harms." *Id.* He seeks $400 million in damages. *Id.* at 7.

C.   Venue

The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a).  Federal trial courts are divided geographically into districts, and the venue statutes designate appropriate districts for each case.  "In most instances, the purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979).  "[T]he venue statutes reflect Congress' intent that venue should always lie in *some* federal court whenever federal courts have personal jurisdiction over the defendant." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56 (2013).

The general venue statute provides that a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.  28 U.S.C. § 1391(b).

Under the alleged facts of this case, venue in the District of the Massachusetts is improper.  Subsection (1) is inapplicable because Plaintiff does not allege that the defendants are residents of Massachusetts.  Subsection (2) does not support venue in this Court because the events giving rise to Levesque's claim did not occur in Massachusetts.  Rather, they occurred primarily in Canton, New York, which is within the Northern District of New York.  Because venue exists in the Northern District of New York, subsection (3) is irrelevant.  Further, nothing

in the complaint suggests that this Court could exercise personal jurisdiction over any of the defendants.

Accordingly, I recommend that, pursuant to 28 U.S.C. § 1404, the District Judge order that this action be transferred to the United States District Court for the Northern District of New York.

IV.     Conclusion

In accordance with the foregoing:

1.      The motion for leave to proceed *in forma pauperis* is GRANTED.

2.      The Clerk shall reassign this case to a District Judge.

3.      The Court RECOMMENDS to the District Judge that this action be transferred to the United States District Court for the Northern District of New York.[1]

>                                  /s/ David H. Hennessy
>                                  David H. Hennessy
>                                  United States Magistrate Judge

---

[1] The Parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), they are entitled to object to the Court's Report and Recommendation by filing a specific written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation. Such written objections must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for those objections. The Parties are further advised that the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. *See, e.g., M. v. Falmouth Sch. Dep't*, 847 F.3d 19, 26 (1st Cir. 2017); *Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988).